ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033-0968
(856) 795-2121
Attorneys for Plaintiff
LaMonica Fine Foods, LLC.
BY:   TREVOR J. COONEY, ESQUIRE
      KATE A. SHERLOCK, ESQUIRE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LAMONICA FINE FOODS, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>CAPE MAY SALT OYSTER COMPANY, LLC,<br><br>            Defendant. | Civil Action No. _____<br><br><br>Electronically Filed |

## COMPLAINT

LaMonica Fine Foods, LLC ("Plaintiff" or "LaMonica"), by way of Complaint against Defendant Cape May Salt Oyster Company, LLC ("Defendant") alleges as follows:

### THE PARTIES

1.      LaMonica is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 48 Gorton Road, Millville, New Jersey 08332.

2. Defendant is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 8789 Berry Avenue, Port Norris, New Jersey 08349.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because claims asserted herein arise under the Lanham Act, 15 U.S.C. §§ 1114, 1125, and this Court exercises original jurisdiction pursuant to 15 U.S.C. §§ 1117, 1125(a), and 28 U.S.C. § 1338(a). This Court also exercises supplemental jurisdiction over Plaintiff's pendant state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because Defendant transacts business within New Jersey, derives substantial revenue from intrastate and interstate commerce, and has engaged in conduct that has significantly and adversely affected the interests of LaMonica, a corporation with its principal place of business in New Jersey. Defendant knowingly engaged, directly or indirectly, in the acts and conduct set forth herein, including advertising and selling products under the infringing marks at issue in this action, with the reasonable expectation that such products would be advertised and sold in the State of New Jersey.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(a) and (c) because Defendant is subject to personal jurisdiction in this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b) because both Plaintiff's and Defendant's principal places of business are located in this District and a substantial part of the events giving rise to these claims occurred in this District.

## FACTUAL ALLEGATIONS

**LaMonica's CAPE MAY Mark**

6. LaMonica is a family-owned seafood business located in Millville, New Jersey operated by brothers Daniel LaVecchia and Michael LaVecchia.

7. LaMonica owns and operates the largest hand-shucking plant in New Jersey with more than 200 employees and a state-of-the-art seafood packing facility.

8. The LaVecchias also own a company called Cape May Foods, Inc.

9. In 1992, Cape May Foods, Inc. began using the trademark CAPE MAY (the "CAPE MAY Mark") in commerce to identify its goods.

10. On September 27, 2000, Cape May Foods, Inc. applied to register the CAPE MAY Mark with the United States Patent and Trademark Office (the "PTO"). On May 13, 2003, the PTO approved the application and issued a Certificate of Registration under Registration Number 2714953. A copy of the registration certificate is attached as Exhibit A.

11. On December 31, 2009, Cape May Foods, Inc. assigned its entire interest and goodwill in the CAPE MAY Mark to LaMonica.

12. Since that time, LaMonica has continued to sell fresh, frozen, and canned clam and seafood products using the CAPE MAY Mark.

13. On October 26, 2017, LaMonica filed a Declaration of Incontestability with the PTO pursuant to 15 U.S.C. § 1065 for its registration for the CAPE MAY Mark.

14. On November 24, 2017, the PTO acknowledged LaMonica's Section 15 declaration, making LaMonica's CAPE MAY registration incontestable.

**Defendant's Unauthorized Activities**

15. Defendant harvests and sells farm-raised oysters from the Delaware Bay that Defendant calls "Cape May Salts."

3

16. In or around 2014, Defendant's president, Daniel Cohen, contacted LaMonica seeking a license to use LaMonica's CAPE MAY Mark. At the time, Mr. Cohen was operating his business under the name Atlantic Capes Fisheries, Inc.

17. Mr. LaVecchia and Mr. Cohen were unable to agree on licensing terms and did not enter into a licensing agreement.

18. Despite the lack of a license to do so, Mr. Cohen formed a new limited liability company and incorporated the CAPE MAY Mark into his new company name, "Cape May Salt Oyster Company."

19. Mr. Cohen also incorporated the CAPE MAY Mark into the Cape May Salt Oyster Company website at domain www.capemaysalts.com.

20. At www.capemaysalts.com, Defendant sells oysters and merchandise, including but not limited to, "Cape May Salt" oysters, "Elder Point" oysters, and apparel displaying the words "Cape May Salt Oyster Company."

21. In or around September 2017, LaMonica became aware of Defendant's existence and its use of the CAPE MAY Mark in its company name and domain.

22. In or around October 2017, Daniel LaVecchia contacted Mr. Cohen and instructed him to cease using LaMonica's CAPE MAY Mark.

23. Defendant refused to comply with Mr. LaVecchia's request.

24. On January 23, 2018, LaMonica's counsel sent a cease and desist letter to counsel for Defendant regarding Defendant's unauthorized use of LaMonica's CAPE MAY Mark.

25. Defendant has not responded to the January 23, 2018 cease and desist letter.

26. Defendant continues to operate its business under the name Cape May Salt Oyster Company and its website at the domain www.capemaysalts.com.

# FIRST CAUSE OF ACTION
## Trademark Infringement
### 15 U.S.C. §1114(1)

27. LaMonica repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

28. LaMonica's registration for the CAPE MAY Mark is in full force and effect, and the trademark thereof and the goodwill of LaMonica's business in connection with which its trademark is used has never been abandoned.

29. LaMonica's registration for the CAPE MAY Mark is incontestable.

30. LaMonica intends to continue to preserve and maintain its rights with respect to its trademark registration for the CAPE MAY Mark.

31. LaMonica's CAPE MAY Mark and the goodwill associated therewith are of inestimable value to LaMonica.

32. Upon information and belief, Defendant commenced its unauthorized use of the CAPE MAY Mark with full knowledge of and by reason of the fact that the CAPE MAY Mark is highly valuable.

33. Defendant's use of the CAPE MAY Mark has been without the consent of the LaMonica.

34. The activities of Defendant complained of herein constitute willful and intentional infringement of the CAPE MAY Mark as protected by the respective registration set forth above. Defendant has acted in complete disregard of LaMonica's rights and in spite of Defendant's knowledge that its unauthorized use of the CAPE MAY Mark or any mark likely to be confused therewith infringes LaMonica's rights.

35. Defendant's infringement of the CAPE MAY Mark is likely to cause confusion and mistake in the minds of the purchasing public.

36.  Defendant's infringement of the CAPE MAY Mark tends to and does falsely create the impression that the products sold by Defendant are authorized, sponsored, or approved by LaMonica.

37.  Alternatively, or in addition to the foregoing, Defendant's infringement of the CAPE MAY Mark is likely to cause reverse confusion, tending to and falsely creating the impression that the products sold by LaMonica are either authorized, sponsored, or approved by Defendant or the false impression that LaMonica is infringing on the rights of Defendant.

38.  LaMonica is suffering damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined.

**WHEREFORE**, LaMonica demands judgment against Defendant as follows:

1)  For actual damages suffered by LaMonica and for disgorgement of Defendant's profits as a result of Defendant's actions described herein;

2)  For attorney's fees, interest, and costs of suit;

3)  For an order barring Defendant, its officers, agents, servants, employees and attorneys, and all others in active concert or participation with Defendant who receive actual notice of the order by personal service or otherwise, from:

   a)  Using the CAPE MAY Mark, or any variation thereof, in Defendant's business name;

   b)  Using the CAPE MAY Mark, or any variation thereof, in Defendant's website domain(s); and

   c)  Using any variation of the CAPE MAY Mark in Defendant's advertising that would cause a likelihood of confusion as to sponsorship, affiliation, or association between LaMonica and Defendant.

4)  For an order requiring Defendant, its officers, agents, servants, employees and attorneys, and all others in active concert or participation with Defendant who receive actual notice of the order by personal service or otherwise, to deliver to LaMonica for destruction all labels, stickers, signs, prints, packages, wrappers, receptacles, advertisements, apparel, merchandise and other written or printed material in their possession, custody or control that bear the CAPE MAY Mark, alone or in combination with any other words, marks or other elements.

5) Such other and further relief as the Court may deem just and equitable.

## SECOND CAUSE OF ACTION
### False Designation of Origin and False Description
### 15 U.S.C. §1125(a)(1)(A)

39. LaMonica repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

40. Upon information and belief, Defendant has used in connection with the sale of its products, false designations of origin and false descriptions and representations that tend falsely to describe or represent its products.

41. Upon information and belief, Defendant has caused the aforementioned products to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of LaMonica.

42. Defendant's use of the CAPE MAY Mark constitutes the use of false designations of origin and false descriptions and representations tending falsely to describe or represent goods sold by Defendant.

43. Upon information and belief, Defendant has distributed, offered for sale or sold its products under the CAPE MAY Mark with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the reputation of LaMonica, and improperly to appropriate the valuable trademark rights of LaMonica.

44. Alternatively, or in addition to the foregoing, Defendant's conduct causes reverse confusion, tending to and falsely creating the impression that the products and services sold by LaMonica are either authorized, sponsored, or approved by Defendant or the false impression that LaMonica is infringing on the rights of Defendant.

45. LaMonica is suffering damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined.

**WHEREFORE**, LaMonica demands judgment against Defendant as follows:

1) For actual damages suffered by LaMonica and for disgorgement of Defendant's profits as a result of Defendant's actions described herein;

2) For attorney's fees, interest, and costs of suit;

3) For an order barring Defendant, its officers, agents, servants, employees and attorneys, and all others in active concert or participation with Defendant who receive actual notice of the order by personal service or otherwise, from:

   a) Using the CAPE MAY Mark, or any variation thereof, in Defendant's business name;

   b) Using the CAPE MAY Mark, or any variation thereof, in Defendant's website domain(s); and

   c) Using any variation of the CAPE MAY Mark in Defendant's advertising that would cause a likelihood of confusion as to sponsorship, affiliation, or association between LaMonica and Defendant.

4) For an order requiring Defendant, its officers, agents, servants, employees and attorneys, and all others in active concert or participation with Defendant who receive actual notice of the order by personal service or otherwise, to deliver to LaMonica for destruction all labels, stickers, signs, prints, packages, wrappers, receptacles, advertisements, apparel, merchandise and other written or printed material in their possession, custody or control that bear the CAPE MAY Mark, alone or in combination with any other words, marks or other elements.

5) Such other and further relief as the Court may deem just and equitable.

### THIRD CAUSE OF ACTION
### Cybersquatting 15 U.S.C. § 1125(d)

55. LaMonica repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

56. LaMonica is the owner of the CAPE MAY Mark and its corresponding incontestable registration and associated goodwill in the United States.

57. The CAPE MAY Mark is distinctive.

58. Defendant has registered a domain name containing the CAPE MAY Mark in a bad faith attempt to trade on LaMonica's Cape May brand and reputation for quality.

59. Defendant's actions are likely to cause confusion as to the source, sponsorship, affiliation, or endorsement of Defendant's domain name and the products sold thereon.

60. Defendant's domain name, www.capemaysalts.com, is confusingly similar to LaMonica's CAPE MAY Mark.

61. The continued registration of Defendant's domain violates 15 U.S.C. §1125(d)(2), which prohibits the registration of internet domain names that are confusingly similar to registered marks, including LaMonica's CAPE MAY Mark.

62. Defendant's unauthorized domain has and will continue to cause damage to LaMonica and the LaMonica's goodwill associated with the CAPE MAY Mark.

**WHEREFORE**, LaMonica demands judgment against Defendant as follows:

1) For actual damages suffered by LaMonica and for disgorgement of Defendant's profits as a result of Defendant's actions described herein;

2) For permissible statutory damages pursuant to 15 U.S.C. §1117;

3) For attorney's fees, interest, and costs of suit;

4) For an order barring Defendant, its officers, agents, servants, employees and attorneys, and all others in active concert or participation with Defendant who receive actual notice of the order by personal service or otherwise, from using the CAPE MAY Mark, or any variation thereof, in Defendant's website domain(s); and

5) Such other and further relief as the Court may deem just and equitable.

## FOURTH CAUSE OF ACTION
### Common Law Unfair Competition

46. LaMonica repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

47. Upon information and belief, Defendant has intentionally and with bad faith appropriated the CAPE MAY Mark with the intent of causing confusion, mistake, and deception as to the source of its goods or to otherwise wrongfully benefit from the infringement of LaMonica's rights without due compensation.

48. Upon information belief, Defendant has acted with the intent to palm off its goods as those of LaMonica, or to otherwise deceive the public. Such acts amount to trademark infringement, unfair competition, and wrongful misappropriation under the common law.

49. LaMonica is suffering damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined.

**WHEREFORE**, LaMonica demands judgment against Defendant as follows:

1) For actual damages suffered by LaMonica and for disgorgement of Defendant's profits as a result of Defendant's actions described herein;

2) For attorney's fees, interest, and costs of suit;

3) For an order barring Defendant, its officers, agents, servants, employees and attorneys, and all others in active concert or participation with Defendant who receive actual notice of the order by personal service or otherwise, from:

   a) Using the CAPE MAY Mark, or any variation thereof, in Defendant's business name;

   b) Using the CAPE MAY Mark, or any variation thereof, in Defendant's website domain(s); and

   c) Using any variation of the CAPE MAY Mark in Defendant's advertising that would cause a likelihood of confusion as to sponsorship, affiliation, or association between LaMonica and Defendant.

4) For an order requiring Defendant, its officers, agents, servants, employees and attorneys, and all others in active concert or participation with Defendant who receive actual notice of the order by personal service or otherwise, to deliver to LaMonica for destruction all labels, stickers, signs, prints, packages, wrappers, receptacles, advertisements, apparel, merchandise and other written or printed material in their possession, custody or control that bear the CAPE MAY Mark, alone or in combination with any other words, marks or other elements.

5) Such other and further relief as the Court may deem just and equitable.

## FIFTH CAUSE OF ACTION
### New Jersey Statutory Unfair Competition at N.J.S.A. 56:4-1

50. LaMonica repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

51. Upon information and belief, Defendant has intentionally and with bad faith appropriated the CAPE MAY Mark with the intent of causing confusion, mistake, and deception as to the source of its goods or to otherwise wrongfully benefit from the infringement of LaMonica's rights without due compensation.

52. Upon information belief, Defendant has acted with the intent to palm off its goods as those of LaMonica, or to otherwise deceive the public. Such acts amount to trademark infringement and unfair competition in violation of N.J.S.A. 56:4-1.

53. LaMonica is suffering damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined.

**WHEREFORE**, LaMonica demands judgment against Defendant as follows:

1) For actual damages suffered by LaMonica and for disgorgement of Defendant's profits as a result of Defendant's actions described herein;

2) For attorney's fees, interest, and costs of suit;

3) For an order barring Defendant, its officers, agents, servants, employees and attorneys, and all others in active concert or participation with Defendant who receive actual notice of the order by personal service or otherwise, from:

   a) Using the CAPE MAY Mark, or any variation thereof, in Defendant's business name;

   b) Using the CAPE MAY Mark, or any variation thereof, in Defendant's website domain(s); and

      c)    Using any variation of the CAPE MAY Mark in Defendant's advertising that would cause a likelihood of confusion as to sponsorship, affiliation, or association between LaMonica and Defendant.

4)    For an order requiring Defendant, its officers, agents, servants, employees and attorneys, and all others in active concert or participation with Defendant who receive actual notice of the order by personal service or otherwise, to deliver to LaMonica for destruction all labels, stickers, signs, prints, packages, wrappers, receptacles, advertisements, apparel, merchandise and other written or printed material in their possession, custody or control that bear the CAPE MAY Mark, alone or in combination with any other words, marks or other elements.

5)    Such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

LaMonica demands trial by jury on all issues amenable thereto.

ARCHER & GREINER
A Professional Corporation
One Centennial Square
P.O. Box 3000
(856) 795-2121
Attorneys for Plaintiff,
LaMonica Fine Foods, LLC

BY: _____
TREVOR J. COONEY, ESQ.
KATE A. SHERLOCK, ESQ.

Dated: February 22, 2018.

214003286v4